IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2007 JAN 12 A 9: 29
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LOUENIA MAHONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CASE NO: 2:07CV41 - MEF |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC, TRANS UNION, | ) |
| LLC, EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., ASSET | ) |
| ACCEPTANCE CORP., LVNV | ) JURY TRIAL DEMANDED |
| FUNDING LLC & MIDNIGHT VELVET | ) |
| | ) |
| Defendants. | |

## COMPLAINT

Plaintiff, Louenia Mahone, by and through the undersigned attorneys, brings this action against Defendant Equifax Information Services, LLC ("Equifax"), Trans Union LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Asset Acceptance Corp ("Asset"), LVNV Funding LLC ("LVNV") and Midnight Velvet ("Midnight") on the grounds and in the amounts set forth herein.

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and claims under Alabama law. Plaintiff seeks actual damages, punitive damages, costs and attorney's fees.

2. Plaintiff is a natural person and consumer, a resident and a citizen of Barbour County in the State of Alabama and of the United States. Plaintiff is a "consumer" as defined by § 1681a(c) of the FCRA.

3. Defendant Equifax is a corporation incorporated under the laws of Georgia. It has its principal place of business in Georgia. It is licensed to do business in Alabama.

4. Equifax is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

6.  Defendant Trans Union is a corporation incorporated under the laws of Illinois. It has its principal place of business in Illinois. It is licensed to do business in Alabama.

7.  Trans Union is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

9.  Defendant Experian is a corporation incorporated under the laws of Ohio. It has its principal place of business in California. It is licensed to do business in Alabama.

10. Experian is a consumer reporting agency as defined in § 1681 of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in § 1681a(d) of the FCRA, to third parties.

12. Defendant Asset Acceptance Corp is a corporation doing business in Alabama and is incorporated under the laws of Michigan. Defendant's principal place of business is in Michigan.

13. Asset Acceptance Corp is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports.

14. Defendant LVNV Funding LLC is a corporation doing business in Alabama and is incorporated under the laws of Delaware. Defendant's principal place of business is in Delaware.

15. LVNV Funding LLC is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports.

16. Defendant Midnight Velvet is a corporation doing business in Alabama and is incorporated under the laws of Wisconsin. Defendant's principal place of business is in Wisconsin.

17. Midnight Velvet is a furnisher of information as defined in 15 U.S.C. § 1681s-2 of the FCRA and/or a user of consumer credit reports.

## JURISDICTION AND VENUE

18. This court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law. Defendants are liable to Plaintiff pursuant to the provisions of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq., as well as other applicable law.

19. Venue is proper in the Middle District of Alabama pursuant to 28 U.S.C. §1391.

## FACTUAL ALLEGATIONS

20. In 2006, adverse information contained in the Plaintiff's consumer credit report by Equifax, Trans Union and Experian stated and implied that numerous accounts were past due and some of these accounts were in collections.

21. Plaintiff, in March 2006 advised Equifax, Trans Union, Experian and Asset of the inaccurate reporting of several accounts and informed them that these accounts were not hers and that she had been a victim of identity theft.

22. The accounts that were inaccurately reporting on her credit reports were: Credigy Receivables, account number "6011004030148593", Household Bank, account number "5418291109082826", Asset Acceptance, account number "16640659", Montgomery Ward/LVNV Funding, account number "CP8R1514963...", Midnight Velvet, account number "808442097...", and NBGL-McRaes Credit, account number "654359...".

23. Plaintiff, in April 2006 again advised Equifax, Trans Union, Experian and Asset of the inaccurate reporting of several accounts and informed them that these accounts were not hers and that she had been a victim of identity theft.

24. Defendants received the dispute letters from Plaintiff as each was sent by certified mail.

25. On information and belief, Equifax, Trans Union and Experian contacted the various creditors about the disputed accounts pursuant to the regulations and procedures provided for under the FCRA.

24. Plaintiff received the reinvestigation results from Trans Union on or about May 2, 2006 stating that the several accounts were deleted but the Midnight Velvet, Asset Acceptance, and LVNV Funding accounts remained on her credit report.

25. Defendant Trans Union did not perform a proper investigation as the remaining accounts were not deleted and not updated as per Plaintiff's dispute.

26. Plaintiff received the reinvestigation results from Experian on or about May 12, 2006 stating that several accounts were deleted but the Midnight Velvet, GEMB, NBGL-McRaes Credit and LVNV accounts remained on her credit report.

27. Defendant Experian did not perform a proper investigation as the remaining accounts were not deleted and not updated as per Plaintiff's dispute.

28. Plaintiff never received correspondence from Equifax concerning the investigation

she requested Equifax to perform.

29. Defendant Equifax did not perform a proper investigation as the remaining accounts were not deleted and not updated as per Plaintiff's dispute.

30. Plaintiff ordered her consumer reports from all three major credit reporting bureaus and after examining the same, Plaintiff learned that Defendants were still reporting the false account information about her.

31. The continued reporting by the Defendants occurred after the Plaintiff's notifications to the Defendants that the accounts were not hers due to identity theft.

32. The Plaintiff has suffered damages, including but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

## COUNT ONE
### Failure to comply with 15 U.S.C. §1681s-2 of the Fair Credit Reporting Act by Defendants Asset, LVNV and Midnight

33. This is a count against Defendants Asset, LVNV and Midnight for its willful and/or negligent violations of 15 U.S.C. § 1681s-2(b) of the FCRA.

34. Plaintiff re-alleges the relevant foregoing paragraphs of this complaint as if fully set out herein.

35. Defendants were required under 15 U.S.C § 1681s-2(b), to respond to the request for reinvestigation by the Plaintiff by completing a diligent inquiry into the facts underlying the trade-lines and providing accurate information to the credit reporting agencies regarding those trade-lines.

36. Defendants' reinvestigation included the following duties and was required to meet the following standards:

    A. To include a review of all information provided to it by the credit reporting agency;

    B. To be conducted in good faith;

    C. To be conducted in such a fashion as to assure the maximum possible accuracy of the Plaintiff's consumer credit report;

    D. To be conducted in such a way as to not violate any of the general prerequisites for Defendants' conduct under 15 U.S.C § 1681s-2(a) or

      any other statutory requirement for furnishers of credit information;

  E. To be conducted in a reasonable fashion; and

  F. To be conducted based on a review of all information reasonably available to Defendants.

  37. Following the reinvestigation, on information and belief, Defendants reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

  38. Following the reinvestigation, Defendants reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

  39. Following the reinvestigation and dispatch of notice to the Defendants, Defendants reported credit information that was in fact not accurate, and in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

  40. Following the reinvestigation and dispatch of notice to the Defendants, Defendants failed to notify the consumer reporting agencies to whom it reported credit information that the debts were disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b) and the general duties implied to all conduct of furnishers under 15 U.S.C. § 1681s-2(a)(1)(A).

  41. Defendants reinvestigation was not conducted in good faith.

  42. Defendants reinvestigation was not conducted in such a way as to insure the maximum possible accuracy of the Plaintiff's consumer report.

  43. Defendants reinvestigation was not conducted reasonably.

  44. Defendants reinvestigation was not conducted using all information reasonably available to Defendants.

  45. Defendants reinvestigation was per se deficient by reason of these failures of the Defendants in the reinvestigation of the credit accounts on the Plaintiff's consumer credit report.

  46. Defendants actions in violating the FCRA, 15 U.S.C. § 1681s-2(b) constituted willful and/or negligent noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

## COUNT TWO
*Failure to comply with 15 U.S.C. §§ 1681e(b), 1681i(a) and 1681i(a)(5) of the Fair Credit Reporting Act and State Laws by Equifax, Trans Union and Experian.*

47.   This is a count against Defendants Equifax, Trans Union and Experian for its willful and negligent violations of 15 U.S.C. §§ 1681e(b), 1681i(a), 1681i(a)(5) of the FCRA and state law.

48.   Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

49.   Defendants willfully and/or negligently failed to put in place procedures to properly reinvestigate consumer claims of inaccuracy and identity theft in consumer credit reports.

50.   Defendants willfully and/or negligently refused to properly reinvestigate the Plaintiff's consumer credit report.

51.   The trade-lines contained within the Plaintiff's Equifax, Trans Union and Experian reports as published by Defendants rendered the reports as inaccurate.

52.   Following receipt of the Defendants consumer report, the Plaintiff requested that Defendants reinvestigate the inaccurate accounts.

53.   As part of the reinvestigation, Defendants were required to notify the furnishers of the allegedly inaccurate accounts of the dispute in a notice.

54.   That notice was required to include all relevant information regarding the dispute that the agencies have received from the consumer.

55.   As part of the reinvestigation, Defendants were required to consider and give due weight to all relevant information submitted by the Plaintiff.

56.   Defendants negligently and/or willfully failed to properly consider and give due weight to all relevant information submitted by the Plaintiff in the course of the reinvestigation, in violation of the FCRA, 15 U.S.C. § 1681i(a)(5).

57.   In response to the request for reinvestigation, Defendants did not perform a reinvestigation, and refused to remove the inaccurate information in violation of the requirements of the FCRA, 15 U.S.C. § 1681i(a)(5).

58.   Defendants have maintained the inaccurate accounts on the Defendants' credit reports

of the Plaintiff.

59. Defendants have negligently and/or willfully failed to conduct a proper reinvestigation of the accounts in violation of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

60. The Plaintiff suffered damages as a result of this violation of the FCRA.

61. Defendants' actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

## COUNT THREE
*Failure to comply with §§ 1681i(a)(1)(A)*
*and §1681i(a)(6) of the Fair Credit Reporting Act by Equifax.*

62. This is a count against the Defendant Equifax for its willful and negligent violations of 15 U.S.C. §§ 1681i(a)(1)(A) and 1681i(a)(6) of the FCRA and state law.

63. Plaintiff re-alleges all the relevant foregoing paragraphs of this complaint as if fully set out herein.

64. Defendant willfully and/or negligently failed to notify Plaintiff of the results of their investigation into Plaintiff's dispute within the 30 day time period prescribed in the FCRA

65. Defendant received Plaintiff's written dispute concerning the inaccurate information.

66. Defendant never notified the Plaintiff the results of the reinvestigation she requested.

67. Plaintiff did not receive notification from Equifax that an additional 15 days was needed to perform its investigation of the inaccurate information as required under 15 U.S.C. § 1681i(a)(1)(B).

68. Defendants have negligently and/or willfully failed to conduct a proper reinvestigation of the dispute information within the time frame provided under the FCRA in violation of 15 U.S.C. §§ 1681i, 1681n and/or 1681o.

69. The Plaintiff suffered damages as a result of this violation of the FCRA.

70. Defendant's actions in violating the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to recover for damages.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

## COUNT FOUR
### *Defamation*

71.  The relevant above and foregoing paragraphs are re-alleged as if fully set out herein.

72.  Between at least 2004 through the present, Defendants published to various credit reporting agencies, collection agencies, and attorneys the fact that Plaintiff was delinquent in paying on her accounts, with some of them placed in collection.

73.  On information and belief the Defendants have published this information both orally and in writing.

74.  Defendants had no factual basis for making the statements. Defendants knew this because Plaintiff notified them numerous times that the accounts were not hers, that she was a victim of identity theft, and that the accounts should have not been reported on her credit reports.

75.  Plaintiff has continued to notify Defendants by letters and phone that the subsequent reporting was inaccurate.

76.  The written publications by Defendants constitute liable per se. The verbal publications constitute slander per se.

77.  Despite Plaintiff's notice, Defendants acted with malice by attempting to coerce Plaintiff into paying for charges that were not hers. Additionally, Defendants acted with malice by reporting the information on her credit reports. Moreover, Defendants acted with malice by obstructing the reinvestigation of Plaintiff's consumer disputes when it advised credit reporting agencies, credit grantors, and collection agencies that the disputed information on the accounts were that of the Plaintiff. Defendants' acts constitute express or actual malice.

78.  Defendants have defamed the Plaintiff by publishing misleading and/or inaccurate information to third parties regarding her creditworthiness.

79.  As a direct and proximate result of Defendants' defamation, Plaintiff has suffered extreme mental anguish and suffering, loss of reputation, loss of the ability to obtain credit and pecuniary damages. The losses are either permanent in nature or continuing and Plaintiff will suffer losses in the future. Defendants' actions were malicious, willful, wanton, and in total disregard of Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment for actual damages; statutory damages, costs, attorney fees and punitive damages; such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED this the 9th day of January, 2007.

JAMES D. PATTERSON (PATJ6485)
EARL P. UNDERWOOD, JR. (UNDEE6591)

Law Offices of Earl P. Underwood
21 South Section St.
Fairhope, Alabama 36533
Phone: 251-990-5558
Fax: 251-990-0626

PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY OF THE ISSUES IN THIS CASE.

James D. Patterson

Please serve this complaint by certified mail.