**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                               TELEPHONE (334) 954-3600

February 8, 2007

# NOTICE OF CORRECTION

**From:**             Clerk's Office

**Case Style:**       Louenia Mahone v. Equifax Information Services, LLC, et al.

**Case Number:**      #2:07-cv-00041-MEF

**Referenced Document:**   Document #12
                           Answer

**This notice has been docketed to enter the corrected pdf of the referenced document into the record in order to remove a typographical error. The original pdf contained a typographical error on the first page, "JURY TRIAL DEMANDED." The corrected pdf is attached to this document.**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| LOUENIA MAHONE,<br><br>    Plaintiff<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br>TRANS UNION LLC,<br>EXPERIAN INFORMATION SOLUTIONS,<br>INC., ASSET ACCEPTANCE CORP., LVNV<br>FUNDING LLC, and MIDNIGHT VELVET,<br><br>    Defendants | CASE NO:<br>2:07-CV-00041-MEF-TFM |

**DEFENDANT TRANS UNION LLC'S ORIGINAL ANSWER AND
DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Trans Union LLC ("Trans Union"), one of the Defendants herein, and files this its Answer and Defenses to Plaintiff's Original Complaint ("Complaint") filed by the Plaintiff. The paragraph numbers below correspond to the paragraphs contained in the Complaint to the extent possible.

**I. ANSWER**

**PRELIMINARY STATEMENT**

1. Trans Union denies the allegations contained in Paragraph 1 of the Complaint.

2. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 2 of the Complaint.

3. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 4 of the Complaint.

5. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 5 of the Complaint.

6. Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware with its principal place of business located in Chicago, Illinois. Trans Union admits that it is licensed to do business in the State of Alabama.

7. Trans Union admits a consumer reporting agency as defined in § 1681 of the Fair Credit Reporting Act ("FCRA"). Trans Union also admits that it assembles consumer credit information for the purpose of furnishing consumer reports to third parties.

8. [sic] Trans Union notes Plaintiff skipped paragraph 8.

9. Trans Union admits the allegations contained in Paragraph 9 of the Complaint.

10. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 10 of the Complaint.

11. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint.

12. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

13. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 13 of the Complaint.

14. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 14 of the Complaint.

15. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 15 of the Complaint.

16. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 16 of the Complaint.

17. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint.

## JURISDICTION AND VENUE

18. Trans Union admits this court has jurisdiction over this matter. Trans Union denies it is liable to Plaintiff pursuant to the provision of the "Consumer Credit Protection Act of 1968," 15 U.S.C. § 1601, et seq. or any other applicable law.

19. Trans Union admits the venue is proper in this district.

## FACTUAL ALLEGATIONS

20. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 20 of the Complaint.

21. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 21 of the Complaint.

22. Trans Union denies the allegations to the extent these allegations could be construed against Trans Union. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

23. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 23 of the Complaint.

24. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in the first Paragraph 24 of the Complaint.

25. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in the first Paragraph 25 of the Complaint.

24. [sic] Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in the second Paragraph 24 of the Complaint.

25. [sic] Trans Union denies the allegations contained in the second Paragraph 25 of the Complaint.

26. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 26 of the Complaint.

27. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 27 of the Complaint.

28. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 28 of the Complaint.

29. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 29 of the Complaint.

30. Trans Union denies the allegations to the extent these allegations could be construed against Trans Union. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

31. Trans Union denies the allegations to the extent these allegations could be construed against Trans Union. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

32. Trans Union denies that Plaintiff has suffered any damages as a result of Trans Union's actions.

1968593.1/SP/83057/0504/020507

# COUNT ONE

## Failure to Comply with 15 U.S.C. § 1681s-2 of the
## Fair Credit Reporting Act by Defendants Asset, LVNV and Midnight

33.     Trans Union admits that this count is against Defendants Asset, LVNV and Midnight for alleged willful and/or negligent violations of 15 U.S.C. § 1681s-2(b) of the FCRA.

34.     Trans Union incorporates its answers and responses to the preceding paragraphs of the Complaint as fully set forth herein.

35.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 35 of the Complaint.

36.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 36 of the Complaint, including subparts A-F.

37.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 of the Complaint.

38.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of the Complaint.

39.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of the Complaint.

40.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of the Complaint.

41.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of the Complaint.

42.     Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 42 of the Complaint.

1968593.1/SP/83057/0504/020507

43. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 43 of the Complaint.

44. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 of the Complaint.

45. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 45 of the Complaint.

46. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of the Complaint.

### Prayer

Trans Union denies the allegations and requests contained in the Prayer in Count One of the Complaint, including subparts A -E.

### COUNT TWO

**Failure to Comply with 15 U.S.C. §§ 1681e(b), 1681i(a) and 1681i(a)(5) of the Fair Credit Reporting Act and State Laws by Equifax, Trans Union and Experian**

47. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the remaining allegations as to the other Defendants.

48. Trans Union incorporates its answers and responses to the preceding paragraphs of the Complaint as fully set forth herein.

49. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

50. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

51. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

52. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

53. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

54. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

55. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

56. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

57. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

1968593.1/SP/83057/0504/020507

58. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

59. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

60. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

61. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

### Prayer

Trans Union denies the allegations and request for relief contained in the Prayer of Count Two of the Complaint, including subparts A-E.

### COUNT THREE

### Failure to Comply with 15 U.S.C. § 1681i(a)(1)(A) and § 1681i(a)(6) of the Fair Credit Reporting Act by Equifax

62. Trans Union admits that this count is against Defendant Equifax for alleged willful and/or negligent violations of 15 U.S.C. § 1681i(a)(1)(A) and § 1681i(a)(6)of the FCRA.

63. Trans Union incorporates its answers and responses to the preceding paragraphs of the Complaint as fully set forth herein.

64. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 64 of the Complaint.

65. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 65 of the Complaint.

66. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 66 of the Complaint.

67. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 67 of the Complaint.

68. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 68 of the Complaint.

69. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 69 of the Complaint.

70. Trans Union is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 70 of the Complaint.

### Prayer

Trans Union denies the allegations and request for relief contained in the Prayer of Count Three of the Complaint.

### COUNT FOUR

### Defamation

71. Trans Union incorporates its answers and responses to the preceding paragraphs of the Complaint as fully set forth herein.

72. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

73. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

74. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

75. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

76. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

77. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

78. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

79. To the extent these allegations can be construed against Defendant Trans Union, Trans Union denies the allegations. Trans Union is without sufficient information or knowledge to admit or deny the allegations as to the other Defendants.

**Prayer**

Trans Union denies the allegations and request for relief contained in the Prayer of Count Four of the Complaint.

**Demand for Jury Trial**

Trans Union admits Plaintiff demands a trial by struck jury of the issues in the case.

## II.  DEFENSES

80. Plaintiff has failed to state a claim against Trans Union upon which relief can be granted.

81. At all relevant times, Trans Union maintained and followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

82. Trans Union alleges that any alleged damage to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of third parties, over whom Trans Union has no control and for whom Trans Union has no responsibility.

83. Trans Union reasonably and completely reinvestigated and reverified all information disputed by Plaintiff in compliance with the Fair Credit Reporting Act, 15 U.S.C. §1681i.

84. Trans Union at all times acted in compliance with the Fair Credit Reporting Act.

85. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

86. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity granted by the Fair Credit Reporting Act

87. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

88. Trans Union did not publish false or inaccurate information regarding Plaintiff.

89. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

90. Plaintiff failed to mitigate her alleged damages.

91. Plaintiff's claims for punitive damages are subject to the limitation and protection contained in Alabama Code §6-11-20; 6-11-21.

92. To the extent Trans Union could be found liable, Plaintiff was contributorily negligent.

93. At all relevant times, Trans Union has acted under the qualified immunity provided for in the Fair Credit Reporting Act.

94. At all relevant times, Trans Union has acted under a qualified privilege.

95. Plaintiff's claims for exemplary or punitive damages violate the Fourteenth Amendment, the excessive fines clause of the Eighth Amendment, the Due Process Clause of the United States Constitution.

96. Plaintiff's alleged injuries were proximately caused in whole or in part by the negligence of the Defendants Equifax Information Services, Inc., Experian Information Solutions, Inc., Asset Acceptance Corp., LVNV Funding LLC or Midnight Velvet and liability should be reduced accordingly. Issues as to the percentage of each of their responsibility is requested to be submitted to the trier of fact.

97. Plaintiff's claims are barred by waiver, laches, and estoppel.

121. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading,

motion, or other paper in connection with this action under Section 1681n or o of the FCRA in bad faith or for purposes of harassment.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorney's fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Kary Bryant Wolfe
**KARY BRYANT WOLFE** (WOL016)
WALSTON WELLS & BIRCHALL, LLP
P.O. Box 830642
Birmingham, Alabama 35283-0642
(205) 244-5281
(205) 244-5481 (Fax)
**ATTORNEY FOR TRANS UNION LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of February, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Earl Price Underwood, Jr.
epunderwood@alalaw.com
James D. Patterson
jpatterson@alalaw.com
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
P. O. Box 969
Fairhope, AL 36533-0969

Kirkland E Reid
kirkreid@mhsolaw.com
Miller, Hamilton, Snider & Odom, LLC
254 State Street
Mobile, AL 36603

Anna Kelly Brennan
kbrennan@balch.com
Balch & Bingham
PO Box 306
Birmingham, AL 35201-0306

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Asset Acceptance Corp.
P. O. Box 2036
150 South Perry Street
Warren, MI 48090

LVNV Funding LLC
The Corporation Trust Company
1209 Trust Center
Wilmington, DE 19801

/s/ Kary Bryant Wolfe
**OF COUNSEL**