IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

LOUENIA MAHONE,

           Plaintiff,           COURT FILE NO.: 2:07cv41MEF/TFM

v.

EQUIFAX INFORMATION SERVICES LLC., TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., ASSET ACCEPTANCE CORP., LVNV FUNDING LLC & MIDNIGHT VELVET,

           Defendants.

## ANSWER OF DEFENDANT LVNV FUNDING, LLC

Defendant LVNV Funding, LLC ("LVNV") as and for its Answer to the Complaint of Plaintiff Louenia Mahone ("Plaintiff") denies each and every allegation set forth in Plaintiff's Complaint, except as otherwise admitted herein, and states and alleges as follows:

1.    In response to paragraph 1 of Plaintiff's Complaint, LVNV admits that Plaintiff brings this action allegedly under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1692 *et seq.* and Alabama state law but denies that it violated any law.

2.    LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 2 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

955361v2

3.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

4.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

5.     LVNV affirmatively asserts that Plaintiff's Complaint is devoid of any reference to a paragraph 5.

6.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

7.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

8.     LVNV affirmatively asserts that Plaintiff's Complaint is devoid of any reference to a paragraph 8.

9.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

10.    LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

11. LVNV affirmatively asserts that Plaintiff's Complaint is devoid of any reference to a paragraph 11.

12. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

13. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

14. In response to paragraph 14 of Plaintiff's Complaint, LVNV states that it is a limited liability company, registered in Delaware. LVNV denies all remaining allegations.

15. In response to paragraph 15 of Plaintiff's Complaint, LVNV admits that its actions are at times those of a furnisher of information while denying that 15 U.S.C. § 1681s-2 defines "furnisher of information". LVNV denies all remaining allegations.

16. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

17. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

18. LVNV denies the allegations set forth in paragraph 18 of Plaintiff's Complaint as it has not violated any law.

19. LVNV denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

21. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

22. In response to paragraph 22 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

23. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

24. In response to paragraph 24 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

25. In response to paragraph 25 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

26.   LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in the second paragraph 24 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

27.   LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in the second paragraph 25 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

28.   LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 26 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

29.   LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

30.   LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

31.   LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 29 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

32.   In response to paragraph 30 of Plaintiff's Complaint, LVNV denies all allegations against it.  To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

33. In response to paragraph 31 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

34. In response to paragraph 32 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

35. In response to paragraph 33 of Plaintiff's Complaint, LVNV admits that Plaintiff asserts claims under the FCRA but denies that it violated the FCRA.

36. LVNV realleges and reasserts paragraphs 1 through 35 of this answer as though fully set forth herein.

37. In response to paragraph 35 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

38. In response to paragraph 36 of Plaintiff's Complaint and its subparts, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

39. In response to paragraph 37 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and

knowledge to either admit or deny the remaining allegations and therefore denies the same.

40. In response to paragraph 38 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

41. In response to paragraph 39 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

42. In response to paragraph 40 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

43. In response to paragraph 41 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

44. In response to paragraph 42 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

45. In response to paragraph 43 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

46. In response to paragraph 44 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

47. In response to paragraph 45 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

48. In response to paragraph 46 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

49. In response to paragraph 47 of Plaintiff's Complaint, LVNV admits that Plaintiff asserts claims under the FCRA but has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

50. LVNV realleges and reasserts paragraphs 1 through 49 of this answer as though fully set forth herein.

51.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 49 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

52.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 50 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

53.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 51 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

54.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 52 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

55.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 53 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

56.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 54 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

57.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 55 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

58. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 56 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

59. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 57 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

60. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 58 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

61. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 59 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

62. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 60 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

63. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 61 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

64. In response to paragraph 62 of Plaintiff's Complaint, LVNV admits that Plaintiff asserts claims under the FCRA but has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

65. LVNV realleges and reasserts paragraphs 1 through 64 of this answer as though fully set forth herein.

66.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 64 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

67.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 65 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

68.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 66 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

69.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 67 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

70.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 68 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

71.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 69 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

72.     LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 70 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

73.     LVNV realleges and reasserts paragraphs 1 through 72 of this answer as though fully set forth herein.

74. In response to paragraph 72 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

75. In response to paragraph 73 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

76. In response to paragraph 74 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

77. In response to paragraph 75 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

78. In response to paragraph 76 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

79. In response to paragraph 77 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and

knowledge to either admit or deny the remaining allegations and therefore denies the same.

80. In response to paragraph 78 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

81. In response to paragraph 79 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

## AFFIRMATIVE DEFENSES

LVNV, as and for its Affirmative Defenses to Plaintiff's Complaint, states and alleges as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

LVNV's actions have not been willful, to the extent, if any, that they violate Alabama law.

## THIRD DEFENSE

LVNV denies each and every material allegation pled by Plaintiffs.

## FOURTH DEFENSE

LVNV pleads the affirmative defenses of laches and estoppel.

## FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which LVNV denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of LVNV.

## SIXTH DEFENSE

Plaintiff's action against LVNV is barred by the applicable statute(s) of limitations.

## SEVENTH DEFENSE

Any damage to Plaintiff, which LVNV denies, is due to the acts or omissions of Plaintiff and/or third parties and LVNV is not liable for said acts, omissions or alleged damages.

## EIGHTH DEFENSE

LVNV denies each and every material allegation of the Complaint and demands strict proof thereof.

## NINTH DEFENSE

LVNV's actions have been in accordance with the Fair Credit Reporting Act which preempts Plaintiff's state law claims.

## TENTH DEFENSE

LVNV avers that it is guilty of no actions, which would entitle Plaintiff to punitive damages against it, including any wanton or willful acts as claimed by Plaintiff.

## ELEVENTH DEFENSE

LVNV pleads the affirmative defense of contributory negligence.

### TWELVETH DEFENSE

LVNV denies that it is guilty of any fault, either negligent, wanton, willful, or otherwise.

### THIRTEENTH DEFENSE

LVNV pleads the affirmative defense of lack of proximate cause.

### FOURTEENTH DEFENSE

LVNV avers that Plaintiff failed to mitigate her damages.

### FIFTEENTH DEFENSE

15 U.S.C. § 1681s-2(a) does not provide for a private cause of action.

### SIXTEENTH DEFENSE

LVNV pleads the absolute defense of truth.

### SEVENTEENTH DEFENSE

LVNV says that subjection of it to unlimited punitive damage fines constitutes arbitrary and capricious punishment in violation of constitutional restrictions embodied in the due process clause and the excessive fines clause of the United States Constitution, as well as their counterparts in the Alabama Constitution, Article I, Sections 6 and 15.

### EIGHTEENTH DEFENSE

Plaintiff cannot recover punitive damages against LVNV because such an award, which is penal in nature, would violate LVNV's constitutional rights protected under the United States and Alabama Constitutions unless defendant is afforded the same procedural safeguards as are criminal defendants, including, but not limited to, the right to avoid self-incrimination and a requirement of proof beyond a reasonable doubt.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case without any limitations or guidelines for the jury will violate LVNV's right to due process guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article I, Section 6, of the Alabama Constitution.

## TWENTIETH DEFENSE

LVNV avers that the imposition of an award of punitive damages against it based upon the principle of joint and several liability amounts to an excessive fine imposed against this defendant in violation of the rights secured to it by the Eighth Amendment and the Fourteenth Amendment of the Constitution of the United States of America.

## TWENTY-FIRST DEFENSE

The failure of the law of the State of Alabama to make provision for the imposition of but one assessment of damages against a joint tort-feasor, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification against LVNV for acts of negligence, wantonness, misrepresentation, fraud or other wrongdoing that this defendant did not commit, in contradiction of the rights afforded it by the Fourteenth Amendment to the Constitution of the State of Alabama, which require that the state afford all persons equal protection of the law.

## TWENTY-SECOND DEFENSE

LVNV avers that the law of the State of Alabama, by imposing joint and several liability on it for the acts of others operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity or culpability of other defendants joined in this action and

thereby deprives this defendant of his property without due process of law in contravention of Amendments Five and Fourteen to the Constitution of the United States of America and Article I, Section 6 of the Constitution of the State of Alabama.

### TWENTY-THIRD DEFENSE

LVNV avers that § 6-11-21 Alabama Code (1975) places a maximum limit of "three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($500,000), whichever is greater" on punitive damages recoverable, if at all, by Plaintiff in this case.

### TWENTY-FOURTH DEFENSE

LVNV avers that the public policy of the state of Alabama as set forth in § 6-11-21 Alabama Code (1975) established a maximum limit on punitive damages recoverable (if any) by Plaintiff and that Plaintiff cannot recover more than the limit established by the public policy of this state.

### TWENTY-FIFTH DEFENSE

LVNV denies any acts of omission or commission which give rise to Plaintiff's recovery of punitive damages in this case, but should a jury award punitive damages, in a verdict of more than the amount allowable under Ala. Code § 6-11-21, it is void as the proximate result of § 6-11-21 of the Alabama Code (1975).

### TWENTY-SIXTH DEFENSE

Upon information and belief, the underlying credit contract calls for and requires arbitration of any and all disputes.

## **RESERVATION OF DEFENSES**

LVNV reserves its right to amend its answer as discovery progresses and as issues may arise.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all pretended causes of action against LVNV with prejudice and on the merits;

2. Awarding LVNV reasonable attorney fees and costs pursuant to the Fair Credit Reporting Act; and,

3. Awarding LVNV such other and further relief as the Court deems just and equitable.

/s/ Neal D. Moore, III
H. L. Ferguson (FER 004)
Neal D. Moore, III (MOO073)
*Attorneys for LVNV Funding, LLC*

OF COUNSEL:
**FERGUSON, FROST & DODSON, LLP**
Post Office Box 430189
Birmingham, Alabama  35243
205-879-8722 - phone
205-873-8831 – fax

CERTIFICATE OF SERVICE

      I hereby certify that I have on this the 9th day of February, 2007, served a copy of the foregoing pleading electronically via CM/ECF system on the following counsel of record:

Anna Kelly Brennan
Balch & Bingham
Post Office Box 306
Birmingham, Alabama 35201-0306

Earl Price Underwood, Jr.
James Donnie Patterson
Law Offices of Earl P. Underwood
Post Office Box 969
Fairhope, Alabama 36533-0959

Kirkland E. Reid
Miller, Hamilton, Snider & Odom, LLC
254 State Street
Mobile, Alabama 36603

Kary B. Wolfe
Walston, Wells & Birchall, LLP
Post Office Box 830642
Birmingham, Alabama 35283-0642


                /s/ Neal D. Moore, III
                OF COUNSEL

142835